**UPPER ELKHORN COAL CO.,**
**etc., Appellant,**

**v.**

**Ruby Lee THORNBERRY et**
**al., Appellees.**

Court of Appeals of Kentucky.

Sept. 16, 1977.

Rehearing Denied Feb. 3, 1978.

Discretionary Review Denied
May 16, 1978.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for appellant.

Cordell H. Martin, Hindman, James Bates, Dry Creek, Ronald W. May, Pikeville, John V. Porter, Jr., Paintsville, Thomas A. Ainley, Uninsured Employers' Fund, Asst. Atty. Gen., Frankfort, for appellees.

Before MARTIN, C. J., and VANCE and WHITE, JJ.

VANCE, Judge:

The appellant, Upper Elkhorn Coal Co., operates a coal tipple. Liability was imposed upon it for the payment of compensation benefits for the death of Alamander Thornberry, an employee of Caney Elkhorn Coal Co., an uninsured employer, upon the theory that appellant was a contractor under KRS 342.610(2). This statute provides, in substance, that one who contracts with another to have work performed consisting of the removal of minerals shall be deemed a contractor. The question in this case is whether appellant contracted with Caney Elkhorn Coal Co. to have it remove minerals for appellant. The Board determined that it did and the decision was affirmed by the trial court. We affirm.

Virnes Isaacs, doing business as Lane Branch Coal Co., leased coal and mineral rights to Marshall Clubb and William Johnson who purported to act as partners but who were also officers of appellant.

Clubb, the secretary-treasurer of appellant, entered into an oral agreement with Caney Elkhorn Coal Co. whereby Caney Elkhorn would mine the coal from the leased property and deliver it to appellant's tipple for twenty dollars ($20.00) per ton.

Although the lease from Isaacs was purportedly to individuals acting as partners, it appears that their purpose in taking the lease was to secure production for appellant.

The record does not show any benefit to be derived from this arrangement by Clubb and Johnson as partners. The sole benefit fell to the appellant which obtained a supply of coal for twenty dollars ($20.00) per ton. The testimony of Clubb clearly demonstrates that he was acting for the appellant in all phases of this transaction and appellant accepted the benefits of his actions. We think the evidence supports the Board's determination that it was the appellant which controlled the leased property.

Likewise we find evidentiary support for the determination that appellant contracted with Caney Elkhorn to remove the coal from the lease for it. The fact that the rate of pay was twenty dollars ($20.00) per ton and that appellant, not Caney Elkhorn, benefitted or lost by increases and decreases in the market price of coal brings this case within the rationale of *Elkhorn-Hazard Coal Land Corporation v. Taylor*, Ky., 539 S.W.2d 101 (1976) which we consider dispositive of this case.

The judgment is affirmed.

All concur.